it is an offense "for which a sentence of one year or longer may be imposed," which renders the conviction one described under section 8 U.S.C.§ 1227(a)(2)(A)(i)(II). *See Ceron v. Holder*, 747 F.3d 773, 777–78 (9th Cir. 2014) (en banc) (explaining classification as a felony or misdemeanor is irrelevant where the maximum punishment for the misdemeanor offense is one year). Accordingly, Pizano is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1227(a)(2)(i).

We lack jurisdiction to review Pizano's contention that his statute of conviction lacks an interstate commerce element, and therefore is not a CIMT, because he failed to raise it before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Minerva Leticia AVILES–OCAMPO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15-70859

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

FILED August 02, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zulu Ali, Law Office of Zulu Ali, Riverside, CA, for Petitioner

Edward Earl Wiggers, Esquire, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Minerva Leticia Aviles–Ocampo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004), and deny the petition for review.

Aviles–Ocampo does not challenge the agency's dispositive determination that her petty theft with priors convictions constitute crimes involving moral turpitude that render her statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B)-(C); *Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

We reject Aviles–Ocampo's contention that the BIA engaged in improper fact-finding in determining she was not eligible for cancellation of removal and declining to remand to the immigration judge.

In light of our disposition, we do not reach Aviles–Ocampo's remaining contention regarding whether her convictions

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.